**J. C. DORSETT et ux., Appellants,**

**v.**

**STATE of Texas et al., Appellees.**

**No. 4663.**

Court of Civil Appeals of Texas.

Waco.

Dec. 28, 1967.

Rehearing Denied Jan. 18, 1968.

C. Benton Musslewhite, Lufkin, for appellants.

Sumner Williams, Jr., Lufkin, for appellees.

## OPINION

TIREY, Justice.

Mr. and Mrs. Dorsett have appealed from a judgment in the County Court of Angelina County in a condemnation suit in Cause No. 1680 in that Court. The facts here do not yield to a simple statement. Prior to the institution of the suit on appeal condemnation proceedings had been filed against Mr.

and Mrs. Dorsett with reference to another tract of their land which was to be taken for the loop designated 283 around the City of Lufkin, and those proceedings were held under Cause No. 1302 in the County Court in Angelina County. The Special Commissioners in Cause 1680 awarded Mr. and Mrs. Dorsett $550.00 in damages for their property which was located on a farm-to-market road No. 1475. The award was entered on the 22nd day of August, 1963 and was filed in the County Clerk's office on the 6th day of September, 1963.

The State of Texas and Angelina County went to trial on what they designated as "Plaintiff's Statement" to the Judge of the County Court, and their First Supplemental Petition. In their First Supplemental Petition they set out fully that while they were in the trial in Cause No. 1302 of the County Court, which was the other condemnation proceedings relating to part of the Defendants' land, that they began negotiations for settlement for the tract described in Cause No. 1302, and at the same time entered into negotiations to settle with the Defendants for their damages for the taking of Defendants' land in Cause No. 1680, and that said negotiations resulted in an oral agreement to settle both causes, and that such settlement was made pursuant to the agreement; that Plaintiffs having orally agreed to settle both causes and having accepted the money agreed upon in settlement for each of the causes they are barred from prosecuting their appeal in Cause No. 1680. In this case Mr. and Mrs. Dorsett, through their attorneys of record, for the purpose of obtaining the right to open and close the case, filed the following admission:

"* * * and here now admit that they are the owners of the property sought to be condemned by Plaintiffs in this cause; that it is subject to condemnation proceedings, and that the Plaintiffs are entitled to have the same condemned and have condemned and gone into possession thereof in the manner provided by law; that all procedural requisites to taking

have been satisfied and the taking is in all respects regular; and that the only issues between Plaintiffs and Defendants are the value of the tract of land condemned, the damages to Defendants by reason of such condemnation and the damage to the remainder of Defendants' land, if any, by such taking, *and the issue of settlement* * * *." (Emphasis added.)

The Court's charge consists of 4 issues.

Issue 1 is:

"From a preponderance of the evidence, do you find that Defendants, J. C. Dorsett and wife, Hester Dorsett, have been paid $5,542.00, $550.00 and $1,500.00, totaling $7,592.00, in full settlement of this cause of action and cause of action No. 1302, styled State of Texas et al vs. J. C. Dorsett et ux, pending in this court?

"Answer 'Yes' or 'No'."

In connection with the foregoing issue the Court gave the following instruction:

"By the term FULL SETTLEMENT as used in the foregoing Special Issue means an agreement or compromise which has been reached after there has been an offer to compromise submitted by one party, and an unconditional acceptance of that offer by the other party, within the limit and on the terms offered, and where there has been a dispute as to the amount of the claim of one party against the other, and where there has been a meeting of the minds of the parties.

"If you have answered Special Issue No. 1, 'Yes', then you need not answer Special Issues Nos. 2, 3, and 4."

The jury answered the foregoing Issue "Yes" and did not answer Issues 2, 3 and 4.

On the foregoing verdict judgment was entered to the effect that the State of Texas and the County of Angelina do have and recover from Mr. and Mrs. Dorsett an easement for a farm-to-market road for right-of-way purposes over and across the tract

of land in question for the purpose of constructing and maintaining a farm-to-market road No. 1475 in such county and described the tract taken by metes and bounds and the decree vested the easement in such property in the State of Texas and divested the easement out of Mr. and Mrs. Dorsett. The judgment further recites that Mr. and Mrs. Dorsett have heretofore settled and compromised this cause of action and have been paid and have received the sum of $7,592.00 in full and final settlement of this cause of action, as well as the cause of action styled: State of Texas v. J. C. Dorsett, et ux., numbered on the docket of the Court as No. 1302 heretofore referred to, and decreed accordingly.

The judgment is assailed on 19 Points. Points 1 through 8 are briefed together.

Point 1 is to the effect that the evidence shows as a matter of law that there was no settlement because the property in question was a rural homestead and neither appellant executed a written instrument conveying the property or agreeing to a settlement.

Point 2 is to the effect that there was no settlement in view of the statute of frauds which requires all contracts conveying real estate to be in writing.

Three is to the effect that the parties had not made a binding contract of settlement, but had only negotiated the terms of such settlement which was not to become binding until appellant executed a deed or judgment entered in the County Court.

Four is that there was no consideration for the agreement.

Five is that the Appellant repudiated the agreement prior to the payment of consideration to them.

Six is that there is no evidence that Mrs. Dorsett agreed to any compromise settlement.

Seven is that the evidence is insufficient to sustain the answer to Issue 1; and

Eight is that the jury's answer to Issue 1 is against the overwhelming weight and preponderance of the evidence.

▉ We overrule each of the foregoing contentions on the authority of our Supreme Court found in City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, and Affirm the judgment of the Trial Court. Our Supreme Court in the foregoing case fully and clearly states the effect of the law of eminent domain when it is exercised by the state or anyone duly authorized to invoke it. We think the factual situation in the Grandjean case is very similar to the factual situation in the case at bar. However, the application of the law made by our Supreme Court to the factual situation in the Grandjean case is less favorable to Appellants than in their case before us. In the Grandjean case the wife had not been made a party to the condemnation proceedings, but her separate property was involved, and she accepted the award made by the condemning authority. In the case at bar Mrs. Dorsett was made a party to the condemnation proceedings and the Special Commissioners had made the award in each of these cases. In the Grandjean case the Court made the following significant statement:

" * * * the true principle is that, since the state has the inherent and paramount right to the property when needed for public purposes, the determination by the proper authority that the necessity for the taking exists, and the taking, and the adjustment with the owner of the question of compensation, however effected, complete the appropriation, and devote the property to the public use. The conditional paramount title of the government becomes absolute when the compensation is assessed or agreed upon and paid, or when its payment is waived. The doctrine in eminent domain implies that it is to be exercised against the will of the owner. It is his want of consent that renders its exercise necessary, and hence it is not consistent with the theory of the doctrine that any conveyance from the owner or decree of court is essential to pass the title. The dissent of the owner to the taking is unavailing. His right, under our constitution, except as against the state itself, is to demand that, before the property be taken, his compensation shall be paid. When he accepts as compensation a sum of money, whatever the amount, and in whatever manner arrived at, his property, to the extent of the taking, is expropriated and appropriated to the use of the public. The question of compensation out of the way, he must yield to the inevitable. The state's right is to take or accept without a conveyance, and hence, when the compensation is adjusted, no conveyance is necessary."

The Supreme Court has not seen fit to modify or overrule the doctrine there stated. See opinion: State of Texas v. Jackson, 388 S.W.2d 924, Supreme Court, Points 1 and 2.

▉ Appellants further contended that the testimony is insufficient to sustain the jury verdict, and further, that the jury's verdict is against the great weight and preponderance of the evidence. Much testimony was tendered pro and con as to the compromise and settlement agreement and it tendered an issue for the jury. We are of the view that it would serve no precedential value to quote it, and it would unduly extend this opinion. We have given all the evidence our careful consideration and, after so doing, each of appellants' contention is overruled. The evidence is ample to sustain the verdict of the jury and the verdict is not against the great weight and preponderance of the evidence.

We have considered each of appellants' other points, and we are of the view that none present reversible error, and each is overruled.

The judgment of the trial court is affirmed.